UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE

CASE NO.:

AT LAW AND IN ADMIRALTY

TANYA McKELLAR,

    Plaintiff,

v.

COSTA CROCIERE S.p.A. COMPANY,
a foreign corporation d/b/a COSTA
CRUISE LINES,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, TANYA McKELLAR, hereby sues the Defendant, and files this Complaint, and alleges:

## THE PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and

is being filed in the United States District Court Southern District of Florida, in and for Broward County, Florida as per the forum selection clause in the Passenger Contract Ticket issued by the Defendant.

3. The Plaintiff, TANYA McKELLAR, is a citizen of Canada.

4. The Defendant, COSTA CROCIERE S.p.A. COMPANY, d/b/a COSTA CRUISE LINES is authorized to do business in the State of Florida.

5. At all times material hereto was and is doing business in Broward County, Florida.

6. The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

    b. Had an office or agency in this state and/or county; and/or

    c. Engaged in substantial activity within this state; and/or

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

7. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

8. **DATE OF INCIDENT.** The incident in this case occurred on or about March 11, 2015.

9. **LOCATION OF ACCIDENT.** This incident occurred on the *Costa Mediterranea* cruise ship in the card room aboard the vessel.

10. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF ACCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel. The Plaintiff is not in possession of the Passenger Contract Ticket. The Defendant is in possession of the Passenger Contract Ticket or a facsimile thereof.

11. **DESCRIPTION OF THE INCIDENT**. Costa Crociere Company doing business as Costa Cruise Lines owns and/or manages approximately 15 cruise ships. On *Costa Mediterranea* and other Costa ships, Costa has a card room for use by passengers, with oversized chairs. Costa knows that it must inspect the chairs on a regular basis in order to prevent the chairs from being in a state of disrepair and/or becoming hazardous and dangerous, as the legs of these chairs break and from time to time are in need of repair or replacement, with such frequency that Costa stocks replacement or spare legs aboard the vessel for replacement of the broken leg(s). Costa also knows for these reasons it is crucial for passenger safety to keep the chairs in a state of good repair, inspected, and well maintained and in good condition, yet failed to do so, as more fully described hereinafter.

12. Costa knows or reasonably should know that the chairs should be in reasonably good condition.

13. On the date of this incident, Costa allowed the chair used by the Plaintiff to be in such a state of disrepair so as to create a hazardous and dangerous condition for its passengers, including the Plaintiff. Upon information and belief, the chair had not been regularly inspected and as the Plaintiff positioned herself in the chair, the left front leg of the chair broke and collapsed causing the Plaintiff to twist her back and injure her back and shoulder.

14. As a result, the Plaintiff, TANYA McKELLAR, suffer injuries to her back and

shoulder.

## COUNT I NEGLIGENCE

15.     The Plaintiff, TANYA McKELLAR, hereby adopts and realleges each and every allegation in paragraphs 1 through 13, above.

16.     **DUTIES OWED BY THE DEFENDANT.** The Defendant owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913; citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor*, 4 Wall. 411, 71 U.S. 411, 18 L. Ed. 397 (1866); *Carlisle v. Ulysses Line Ltd*., 475 So. 2d 248 (Fla. 3d DCA 1985). The Defendant also owed a "duty to exercise reasonable care under the circumstances". See, *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A*., 475 So. 2d 248 (Fla. 3d DCA 1985). Vierling v. Celebrity Cruises, 339 F.3d 1309, 1319-20 (11th Cir. 2003)("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is nondelegable, and that even the 'slightest negligence' renders a carrier liable). The cruise line has a duty to provide safe ingress and egress to and from the ship. *Tittle v. Aldacosta*, 544 F.2d 752 (5th Cir. 1977); *Bellocchio v. Italia Flotte* 84 F.2d 975 (2d Cir. 1936); *Samuelov v. Carnival,* 870 So.2d 853 (Fla. 3DCA 2004); and *Chan v. Society Expeditions*, 123 F.3d 1287 (9th Cir. 1997). More specifically "a high degree of care is demanded of common carriers towards their passengers," including the "duty to maintain reasonable, safe means for passengers to board and

4

disembark." *McLean v. Carnival Corporation,* 2013 WL 1024257 (S.D.Fla.), citing *Vierling v. Celebrity Cruises, Inc.,* 339 F 3rd 1309, 1319 (11th Cir. 2003). This duty is non-delegable and "even the slightest negligence renders a carrier liable." *McLean v. Carnival Corporation,* 2013 WL 1024257 (S.D.Fla.), citing *Vierling v. Celebrity Cruises, Inc.*, 339 F.3d 1309, 1319 (11th Cir. 2003). The Defendant breached those duties to use reasonable care under the circumstances and was negligent by:

    a.    Failing to keep the chairs maintained and in good condition to allow normal use by passengers;

    b.    Failing to inspect for, and to observe on a reasonable basis, changes in condition of the chairs;

    c.    Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

    d.    Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises with respect to the chairs in the card room aboard the ship which would cause accidents or injuries;

    e.    Providing negligent maintenance to the chairs within the card room;

    f.    Failing to otherwise maintain the chairs in the card room in a safe and reasonable manner;

    g.    Failing to otherwise provide its passengers with a safe chair to use while aboard the vessel.

    17.    Failing to warn passengers, including the Plaintiff, that the chair was in a state of disrepair and should be avoided or properly barricaded from use by passengers.

    18.    The Defendant created a dangerous condition on the subject ship and allowed the

5

dangerous condition to exist thereby causing an accident on the date referenced above in which the Plaintiff was severely injured.

19. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

20. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

21. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

22. The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

23. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

24. As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury resulting in economic damages in the past and in the future including but not limited to loss of wages and income, loss of the ability or potential to earn money in the future, medical expenses including but not limited to the expense of physicians, hospitalization, medical and nursing care

and treatment, surgical procedures, and physical therapy, and non-economic damages in the past and in the future including but not limited to pain, suffering, disability, physical impairment, loss of important bodily functions, scarring, disfigurement, mental anguish, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for **economic damages** in the past and in the future including but not limited to loss of wages and income, loss of the ability or potential to earn money in the future, medical expenses including but not limited to the expense of physicians, hospitalization, medical and nursing care and treatment, surgical procedures, and physical therapy, and **non-economic damages** in the past and in the future including but not limited to pain, suffering, disability, physical impairment, loss of important bodily functions, scarring, disfigurement, mental anguish, and loss of capacity for the enjoyment of life, all court costs, all interest under the maritime law or otherwise which accrues from the date of the incident described herein, and any and all other damages which the Court deems just or appropriate.

                                                **ROBERT L. GARDANA, P.A.**
*Attorney for Plaintiff*
12350 SW 132 Court, Suite 204
Miami, FL 33186
P: 305.358.0000
F: 305.358.1680

By: /s/_____
   Robert L. Gardana, Esq.
   Florida Bar No. 279668